**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| **DEAN PROPER**              ) | |
|        **Plaintiff,**      ) | |
|                ) | **C.A. No. 06-279 Erie - LEAD** |
|   **v.**                             ) | |
|                ) | **District Judge McLaughlin** |
| **CRAWFORD COUNTY**          ) | |
| **CORRECTIONAL FACILITY, et al.,**   ) | **Magistrate Judge Baxter** |
|      **Defendants.**      ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.      RECOMMENDATION

It is respectfully recommended that the motion to dismiss filed by Defendants Deputy Warden Saulsbury, Nurse Cynthia Saulsbury, Kerri Thayer Boozer (aka Jane Doe), Stewart, Coleman, Barnes, and Phil Smith (aka John Doe) [Document # 109] be granted as to these moving Defendants.  The Clerk of Courts should be directed to terminate Defendants Deputy Warden Saulsbury, Nurse Cynthia Saulsbury, Kerri Thayer Boozer (aka Jane Doe), Stewart, Coleman, Barnes, and Phil Smith (aka John Doe) from the docket.


## II.     REPORT

###       A.      Relevant Procedural History

On November 28, 2006, Plaintiff, an inmate formerly incarcerated at the Crawford County Correctional Facility, initiated this *pro se* action, raising various civil rights claims arising out of his incarceration at the Crawford County Correctional Facility during November of 2004.

1

**B.    Plaintiff's allegations**

   **1)    The Original *Pro Se* Complaint**

In his original complaint, Plaintiff alleges that he advised prison staff that his personal safety was being threatened by fellow inmates, but Defendants did nothing to protect him.  On November 19, 2004, Plaintiff was attacked by inmate Lonnie Williams and on November 24, 2004, Plaintiff was again physically attacked by inmate Justin Q. Smith. Plaintiff alleges that both attacks resulted in serious physical injuries and that prison officials delayed in providing him with proper medical attention.  Document # 3.

Named as Defendants to the Original Complaint are: the Crawford County Correctional Facility; Jail Nurse "Rick"; Jail Doctor Richard Moran; Warden Tim Lewis; Lt. Minor; Lt. Denman; Lt. Wyant; Correctional Officer Patterson, Correctional Officer Mrs. Fox; Correctional Officer Shrekengost; Correctional Officer Grundy; Correctional Officer Snow; Correctional Officer Mrs. Brown; Correctional Officer Shinko; Counselor Trisha Wolf; Counselor Ronda Kingston; Sgt. Meal; Sgt. Kosher; and Lt. McCune.  Id.

On June 18, 2007, Plaintiff filed a Supplement to the Original Complaint expanding upon his claims and adding Jane Doe, a Correctional Officer who allegedly delayed his medical treatment following the November 19th attack, as a Defendant.  Document # 36.

Meanwhile, in December of 2006, Plaintiff filed a separate civil action in this Court at C.A. No. 06-304E alleging a false imprisonment claim against Crawford County Correctional Facility, Lewis, Kosher, Meal, Wyant, Denman and Minor (all Defendants named in the original complaint in this action).  By Order dated June 27, 2007, this Court granted Plaintiff's motion to consolidate C.A. 06-304E with the instant matter and directed Plaintiff to file an amended complaint in this case to fully allege all his claims.

   **2)    The First Amended Complaint**

In his first amended complaint filed on September 7, 2007, Plaintiff expanded upon his

earlier claims regarding the two separate assaults by fellow inmates and the subsequent delay in medical care.  Document # 52, Amended Complaint.  Plaintiff also added the additional claim of false imprisonment stemming from a miscalculation of his sentence (consolidated from C.A. No. 06-304).  Id. at  ¶¶ 36-44.

Plaintiff summarized his allegations into the following counts: Count I - False or Wrongful Imprisonment; Count Two - Assault and Battery; Counts Three, Four and Five - Negligence; Count Six - Gross Negligence; Count Seven - Negligent Infliction of Mental Distress; and Count Eight - Intentional Infliction of Mental Distress. Id.

Named as Defendants to the First Amended Complaint are: the Crawford County Correctional Facility, Warden Tim Lewis, John and Jane Doe of the protective housing unit, Deputy Warden Sausberry [sic], Minor, Denman, Wyant, McCune, Coleman, Stewart, Meal, Kosher, Wolf, Kingston, Fox, Schrekengost, Grundy, Snow, Patterson, Barns, Brown, Shinko, Stevens, Rick, and Moran.  Id. at ¶ 8.[1]

### 3)       The Second Amended Complaint

On May 11, 2009, Plaintiff, through his newly obtained counsel, filed a Second Amended Complaint.  Named as Defendants to the Second Amended Complaint are all from the first amended complaint, plus Nurse Cynthia Saulsbury, and fellow inmates Lonnie Williams and Justin Q. Smith.   The Second Amended Complaint lists the following counts: Count I - False or Wrongful Imprisonment; Count II - Assault and Battery; Count III - Negligence (failure to protect); Count IV - Negligence (failure to provide medical care); Count V - Negligence (failure to hire/train/supervise employees); Count VI - Gross Negligence; Count VII - Negligent Infliction of Mental Distress; Count VIII - Intentional Infliction of Mental Distress; and Count IX - Attorney Fees, Costs and Expenses.  Document # 92.

---

[1]  Within the body of the First Amended Complaint, Plaintiff referred to fellow inmates Lonnie Williams and Justin Q. Smith as Defendants, but they were not added as Defendants.

3

On June 2, 2009, Attorney Jeffrey Millin filed an Answer to the Second Amended Complaint on behalf of: Patterson, Fox, Shrekengost, Grundy, Snow, Brown, Shinko, Wolf, Kingston, Meal, Kosher, McCune, Crawford County Correctional Facility, "Rick", Moran, Lewis, Minor, Denman and Wyant.  Document # 94.

On August 6, 2009, during a status conference, Jane Doe was identified as Kerri Thayer Boozer, John Doe was identified as Phil Smith, and Plaintiff voluntarily withdrew his claims against fellow inmates Lonnie Williams and Justin Smith.  Document # 106.

On September 11, 2009, Defendants Deputy Warden Saulsbury, Nurse Cynthia Saulsbury, Kerri Thayer Boozer (formerly identified as Jane Doe), Stewart, Coleman, Barnes, and Phil Smith (formerly identified as John Doe) filed a motion to dismiss based upon the statute of limitations.  Document # 109.  Plaintiff filed a brief in opposition to the pending motion.  Document # 114.  These issues are ripe for disposition by this Court.

### C.    Standard of Review

#### 1)    Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Erickson v. Pardus, 551 U.S. 89, 95 (2007).  A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  See also Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face."  Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief."  Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the *Twombly/Iqbal/Phillips* line of cases:

> To prevent dismissal, all civil complaints must now set out sufficient factual matter to show that the claim is facially plausible.  This then allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.
>
> * * *
>
> After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  **First, the factual and legal elements of a claim should be separated.  The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.**  A complaint has to show such an entitlement with its facts.  As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.  This plausibility requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, ___ F.3d. ___, ___, 2009 WL 2501662, at * 4-5 (3d Cir. Aug. 18, 2009).

### 2)    Motion for summary judgment pursuant to Rule 56

In their moving papers, Defendants argue that the Court may convert this motion to dismiss into a motion for summary judgment pursuant to Rule 56.  However, no evidence has been submitted in support of the motion to dismiss, and so, the motion will be reviewed under the Rule 12(b)(6) standard.  See Pryor v. National Collegiate Athletic Association, 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

### D.    Statute of Limitations

Defendants Deputy Warden Saulsbury, Nurse Cynthia Saulsbury, Kerri Thayer Boozer, Stewart, Coleman, Barnes, and Phil Smith[2] move to dismiss this action based upon the time bar of the statute of limitations.  First, these Defendants argue that this entire action should be dismissed as it is time-barred because the original complaint was filed after the two year statute of limitations had expired.  Second, the moving Defendants argue that the filing of the Second Amended Complaint against the new Defendants is barred by the statute of limitations as it does

---

[2]  None of these Defendants were named in the Original Complaint.  Deputy Warden Saulsbury, Stewart, Coleman, and Barnes were named in the First Amended Complaint which was filed on September 7, 2007.  Nurse Cynthia Saulsbury was named in the Second Amended Complaint filed in May of 2009.  Jane Doe was named in the Supplement to the Original Complaint filed on June 18, 2007, but was not identified as Kerri Thayer Boozer until August of 2009.  John Doe was named in the First Amended Complaint filed on September 7, 2007,  but was not identified as Phil Smith until August of 2009.

not relate back to the date of the filing of the original complaint.  <u>See</u> Document # 110.

 Statutes of limitations are not "simply technicalities," but rather are "fundamental to a well-ordered judicial system."  <u>Board of Regents v. Tomanio</u>, 446 U.S. 478, 487 (1980) ("Although filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of the, if the concept of a filing deadline is to have any content, the deadline must be enforced.").[3]  The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions.  However, it is well established that the federal courts must look to the relevant state statute of limitations.  <u>Wilson v. Garcia</u>, 471 U.S. 261, 266 (1985) (later overruled only as to claims under the Security Exchange Act of 1934).  In Pennsylvania, the statute of limitations for a civil rights violation is two years from the date of the alleged violation.  <u>See</u> <u>Garvin v. City of Philadelpia</u>, 354 F.3d 215 (3d Cir. (Pa.) 2003);  <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451 (3d Cir.(Pa.) 1996).[4]

 The date upon which a § 1983 claim accrues is a matter of federal law.  <u>Albright v. Oliver</u>, 510 U.S. 266, 280 n.6 (1994).  A claim accrues when the litigant knew or had reason to know of the injury.  <u>Montgomery v. DeSimone</u>, 159 F.3d 120, 126 (3d Cir.1998).  Thus, the date when the plaintiff becomes aware, or should have become aware, of both the fact of injury and

---

[3]  The statute of limitations is

> "... intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights. *Crown, Cork & Seal Company v. Parker*, 462 U.S. 345, 352 (1983). Statutes of limitations "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time." *United States v. Kubrick*, 444 U.S. 111, 117 (1979).

<u>United States v. Richardson</u>, 889 F.2d 37, 40 (3d Cir.1989).

[4]  To the extent that Plaintiff purports to raise pendent state law claims, a two-year statute of limitations period applies to those arising both in negligence (42 Pa.Cons.Stat.Ann.§ 8371) and intentional torts (42 Pa.Cons.Stat.Ann §5524).

its causal connection to the defendant, triggers the limitations period. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period).

### 1)   The Timeliness of the Original Complaint

Here, the claims arising from the alleged failure to protect and the subsequent deliberate indifference accrued on November 19, 2004 (the date of the first assault).  Therefore, in order to be timely filed, a civil rights action based upon that occurrence must have been filed within two years of that date, or November 19, 2006.  As Defendants correctly point out, the original complaint in this case was not received and filed by the Clerk of Courts until November 28, 2006, beyond the statute of limitations.

However, as a *pro se* prisoner, Plaintiff receives the benefit of the mailbox rule. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (an inmate's pleadings are deemed filed at the moment the inmate delivers the documents to prison officials to be mailed, not the date they were received by the court).[5]  Here, the original *pro se* complaint indicates on its face that it was signed and dated on November 16, 2006, even though it was not received by the Clerk of Courts until

---

[5]  See also Nichols v. Bowersox, 172 F.3d 1068, 1074 (8th Cir. 1999) (explaining "the 'prison mailbox rule' which, as the name suggests, would establish the date of filing as the date on which the prisoner puts the proverbial 'letter' in the proverbial 'mailbox'--in other words, the date on which he or she deposits the petition in the prison mail system."); Satterfield v. Johnson, 434 F.3d 185, 189 fn.3 (3d Cir. 2006); Longenette v. Krusing, 322 F.3d 758 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (prison mailbox rule provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for **mailing** to the district court.") (emphasis added); Smith v. Evans, 853 F.2d 155, 156 (3d Cir. 1988) ("[B]ecause we find that [Plaintiff's] motion was out of time before he even gave the motion to prison officials to mail and that prison delay in mailing [Plaintiff's] motion was not therefore a factor in [Plaintiff's] making his motion out of time, we hold that [the prison mailbox rule as enunciated in] the Supreme Court's decision in Houston v. Lack, [] cannot apply to the facts of this case.); Taylor v. Carroll, 2004 WL 1151552 (D. Del. 2004) ("Petition is deemed filed on the date he delivers it to prison officials for **mailing** to the district court.") (emphasis added); Garrick v. Vaughn, 2003 WL 22331774, *3 (E.D. Pa. 2003) ("Delivery for **mailing** is what counts for purposes of the prison mailbox rule.") (emphasis added).

November 28, 2006.  Therefore, the original complaint was timely filed as of the date it was delivered to prison authorities (November 16, 2006).

**2)**      **The Timeliness of the False Imprisonment Claim**

In his first amended complaint, Plaintiff alleges that Defendants falsely imprisoned him from October 13, 2004 through June 8, 2005, by failing to credit him with sixty-six days for time served in a South Carolina jail.  Document # 52, ¶ 42. Plaintiff alleges that he "repeatedly advised the Defendants Crawford County Correctional Facility and its agents and employees that he was indeed entitled to the jail time credit sixty-six days (66) and further states that the Defendants had both actual and constructive knowledge of this fact, but were negligent and deliberately indifferent in that they failed or refused to act upon this information when there was a clear and unambiguous duty another part to do so." Id. at ¶ 38.

The first time Plaintiff raises the false imprisonment claim in this action is in the First Amended Complaint filed on September 7, 2007.  Plaintiff alleges that his last date of false imprisonment was June 8, 2005.  The alleged false imprisonment ended on June 8, 2005, and any civil rights claim accruing therefrom needed to have been filed before June 9, 2007, in order to have been timely filed within the two-year statute of limitations.  However, Plaintiff originally filed his false imprisonment claim in a separate action, C.A. No. 06-304E, on December 22, 2006.  This Court granted a motion to consolidate and ordered Plaintiff to file an amended complaint in this case raising the false imprisonment claim here.  Therefore, the false imprisonment claim was filed as of December of 2006, which is within the statute of limitations period.

**3)**      **Relation Back**

Importantly, none of these moving Defendants were named in the Original Complaint. Thus, Plaintiff's claims against these new Defendants are time-barred, unless the amendments

9

relate back to the date of the filing of the original complaint pursuant to Fed.R.Civ.P. Rule 15(c). If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time-barred if it "relates back" to a timely filed complaint. See Singletary v. Pennsylvania Dept. of Corrections, 266 F.3d 186, 195 (3d Cir. 2001) and Fed.R.Civ.P. 15(c).

Rule 15(c) of the Federal Rules of Civil Procedure describes the requirements necessary for an amended complaint to relate back to an original complaint:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
> > (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> >
> > (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> >
> > (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Id.

Three conditions must be met for the successful relation back of an amended complaint that purports to add new (otherwise time-barred) Defendants: first, the additional claim must have arisen out of the same conduct as the original pleading; second, the newly named party must have received notice of the institution of the action within 120 days of the original complaint so that the party is not prejudiced in maintaining a defense on the merits; and third, the newly named party must have known or should have known within 120 days that, but for a mistake made by the plaintiff concerning the newly named party's identity, the action would have been brought against the newly named party in the first place. Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006); Singletary, 266 F.3d at 189.

Here, the first requirement is easily met as the claims against the new Defendants arise out of the same occurrence as the original pleading.  However, Plaintiff must also show under Rule 15(c)(3) that Defendants brought in by these amendments:  (i)  received notice of the institution of the action within 120 days (the period provided by Rule 4(m)) following the filing of the original complaint; **and** (ii)  knew or should have known that they were intended to be named as  parties to the lawsuit. Fed.R.Civ.P. 15.  Both the notice and knowledge requirements must be met.

Plaintiff does not claim, nor is there any evidence of record indicating, that the newly-named Defendants ever received actual notice of the filing of the original complaint within 120 days of the filing date.  However, it has been held that "Rule 15(c)(3) notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." Singletary, 266 F.3d at 195, citing Varlack v. SWC Caribbean, Inc., 550 F.2d 171, 175 (3d Cir. 1977).  "At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action. Singletary, 266 F.3d at 195, citing Bechtel v. Robinson, 886 F.2d 644, 652 n. 12 (3d Cir. 1989).  The issue thus becomes whether any of the new parties received constructive notice of the institution of this action such that notice may be imputed under Rule 15(c)(3).

In Singletary, the Third Circuit recognized two possible methods by which notice may be imputed under Rule 15(c)(3).  The first is the "shared attorney" method, which is based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, "the attorney is likely to have communicated to the latter party that he may very well be joined in the action," and the second is the "identity of interest" method, which "generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to

11

the other." 266 F.3d at 196-97.

### (a)    Shared Attorney Method

_____"The relevant inquiry under this method is whether notice of the institution of this action can be imputed to [the newly-named Defendants] within the relevant 120 day period, ... by virtue of representation [they] shared with a defendant originally named in the lawsuit." Id. at 196.  In this case, Jeffrey Millin, Esquire entered his appearance on behalf of all the original Defendants on April 11, 2007.  Documents # 14, 15.  The new Defendants (brought in at different times, as discussed above) are also currently represented by Attorney Millin who has filed the instant motion to dismiss on their behalf.[6]

So, the question remains whether, by virtue of such shared representation, these new Defendants received constructive notice of the institution of this lawsuit within the relevant 120 day period.  In this regard, "a plaintiff must show that there was 'some communication or relationship' between the shared attorney and the [newly named] defendant prior to the expiration of the 120-day period in order to avail him or herself of the shared attorney method of imputing notice." Garvin, 354 F.3d at 225, citing Singletary, 266 F.3d at 196-97.

Here, Plaintiff has failed to allege or demonstrate that there was any shared representation or communication between Attorney Millin and any of the new Defendants during the 120-day period following the initiation of this lawsuit, such that notice may be imputed to said Defendants under the shared attorney method.

### (b)____Identity of Interests Method

In the event that notice can not be imputed through the "shared attorney" method, notice may also be imputed if the parties are so closely related in their business operations or other

---

[6]  Recently, Attorney Fran Klemensic entered his appearance on behalf of Nurse Rick and Nurse Cynthia Saulsbury.  At this point in the proceedings, these Nurse Defendants are represented by both Attorney Millin and Attorney Klemensic.

activities that filing suit against one serves to provide notice to the other of the pending

litigation.   This method of imputing notice "requires the plaintiff to demonstrate that the

circumstances surrounding the filing of the lawsuit permit the inference the notice was actually

received by the parties sought to be added as defendants during the relevant time period."  Miller

v. Hassinger, 173 Fed.Appx. 948, 956 (3d Cir. 2006) citing Singletary, 266 F.3d at 196-200 and

Garvin, 354 F.3d at 225.

      Here, Plaintiff argues that because of the working relationship between the parties (and

in the case of the Saulsburys, the marital relationship) knowledge of the original lawsuit should

be imputed to the new Defendants.  However, Plaintiff's argument in this regard does not satisfy

his burden of demonstrating any circumstances as to the relationship or communications

between the original Defendants and the new Defendants that would raise such an inference

sufficient to impute notice for purposes of relation back.  See Miller, 173 Fed.Appx. at 956 n.4

("in the instant case, the inquiry is whether the circumstances permit the inference that the

troopers received notice of the pendency of the lawsuit from [a fellow trooper].  The relationship

between [the original defendants] and the troopers sought to be added is not clear at the present

time, and thus we cannot say, based on the record before us, whether such an inference would be

reasonable.").

      Plaintiff's claims against these new Defendants are barred by the applicable two-year

statute of limitations and notice cannot be imputed under either the "shared attorney" method or

the "identity of interest" method for purposes of relation back. [7]  Accordingly, the motion to

dismiss should be granted as to these new Defendants on all claims.

_____

    [7] "Rule 15(c)(3)(B) provides a further requirement for relating back an amended
complaint that adds or changes a party:  the newly added party knew or should have known that
'but for a mistake concerning the identity of the proper party, the action would have been
brought against the party.'"  Singletary, 266 F.3d at 200.   Inasmuch as we find that notice
cannot be imputed, this Court need not address this third requirement for relation back.  See
Garvin, 354 F.3d at 228 n.18.

## III.    CONCLUSION_____

For the foregoing reasons, it is respectfully recommended the motion to dismiss filed by Defendants Deputy Warden Saulsbury, Nurse Cynthia Saulsbury, Kerri Thayer Boozer (aka Jane Doe), Stewart, Coleman, Barnes, and Phil Smith (aka John Doe) [Document # 109] be granted as to these moving Defendants.  The Clerk of Courts should be directed to terminate Defendants Deputy Warden Saulsbury, Nurse Cynthia Saulsbury, Kerri Thayer Boozer (aka Jane Doe), Stewart, Coleman, Barnes, and Phil Smith (aka John Doe) from the docket.

In accordance with the Magistrate Judges Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
U.S. Magistrate Judge


Dated: November 4, 2009

14